Dale K. Galipo, Esq. (Bar No. 144074)
dalekgalipo@yahoo.com
LAW OFFICES OF DALE K. GALIPO
21800 Burbank Boulevard, Suite 310
Woodland Hills, California 91367
Telephone: (818) 347-3333
Facsimile: (818) 347-4118

*Attorneys for Plaintiffs KHAMSONE SARASITH
and SYMEUANG PHONGSAVAD*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KHAMSONE SARASITH, individually and as successor-in-interest to Eddie Phongsavad, deceased; and SYMEUANG PHONGSAVAD, individually and as successor-in-interest to Eddie Phongsavad, deceased<br><br>Plaintiffs,<br><br>vs.<br><br>CITY OF LOS ANGELES and DOES 1-10, inclusive,<br><br>Defendants. | Case No.<br><br>**COMPLAINT FOR DAMAGES**<br><br>1. Fourth Amendment—Excessive Force (42 U.S.C. § 1983)<br>2. Fourth Amendment—Denial of Medical Care (42 U.S.C. § 1983)<br>3. Substantive Due Process (42 U.S.C. § 1983)<br>4. Municipal Liability—Ratification (42 U.S.C. § 1983)<br>5. Municipal Liability—Inadequate Training (42 U.S.C. § 1983)<br>6. Municipal Liability—Unconstitutional Custom, Practice, or Policy (42 U.S.C. § 1983)<br>7. Battery (Wrongful Death)<br>8. Negligence (Wrongful Death)<br>9. Violation of Cal. Civil Code § 52.1<br><br>**DEMAND FOR JURY TRIAL** |

## COMPLAINT FOR DAMAGES

COMES NOW, Plaintiffs Khamsone Sarasith and Symeuang Phongsavad, individually and as a successors-in-interest to Eddie Phongsavad, deceased, for their Complaint against Defendants City of Los Angeles and Does 1-10, inclusive, and alleges as follows:

### JURISDICTION AND VENUE

1.     This Court has original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3)-(4) because Plaintiff asserts claims arising under the laws of the United States including 42 U.S.C. § 1983 and the Fourth and Fourteenth Amendments of the United States Constitution.  This Court has supplemental jurisdiction over Plaintiff's claims arising under state law pursuant to 28 U.S.C. § 1367(a), because those claims are so related to the federal claims that they form part of the same case or controversy under Article III of the United States Constitution.

2.     Venue is proper in this Court under 28 U.S.C. § 1391(b) because Defendants reside in this district and all incidents, events, and occurrences giving rise to this action occurred in this district.

### INTRODUCTION

3.     This civil rights and state tort action seeks compensatory and punitive damages from Defendants for violating various rights under the United States Constitution and state law in connection with the fatal officer-involved shooting of Plaintiffs' son, Eddie Phongsavad ("DECEDENT"), on April 13, 2014.

### PARTIES

4.     At all relevant times, Decedent Eddie Phongsavad was an individual residing in the City of Los Angeles, California.

5.     Plaintiff KHAMSONE SARASITH ("SARASITH") is an individual residing in the City of Lowell, Massachusetts and is the natural mother of DECEDENT.  SARASITH sues both in her individual capacity as the mother of DECEDENT and in a representative capacity as a successor-in-interest to

-1-

DECEDENT pursuant to California Code of Civil Procedure § 377.60. SARASITH seeks both survival and wrongful death damages under federal and state law.

6. Plaintiff SYMEUANG PHONGSAVAD ("PHONGSAVAD") (collectively with SARASITH herein as "PLAINTIFFS") is an individual residing in the City of Lowell, Massachusetts and is the natural father of DECEDENT. PHONGSAVAD sues both in his individual capacity as the father of DECEDENT and in a representative capacity as a successor-in-interest to DECEDENT pursuant to California Code of Civil Procedure § 377.60. PHONGSAVAD seeks both survival and wrongful death damages under federal and state law.

7. At all relevant times, Defendant CITY OF LOS ANGELES ("CITY") is and was a municipal corporation existing under the laws of the State of California. CITY is a chartered subdivision of the State of California with the capacity to be sued. CITY is responsible for the actions, omissions, policies, procedures, practices, and customs of its various agents and agencies, including the Los Angeles Police Department ("LAPD") and its agents and employees. At all relevant times, Defendant CITY was responsible for assuring that the actions, omissions, policies, procedures, practices, and customs of the and its employees and agents complied with the laws of the United States and of the State of California. At all relevant times, CITY was the employer of Defendants DOES 1-10.

8. Defendants DOES 1-5 ("DOE OFFICERS") are officers for the LAPD. DOE OFFICERS were acting under color of law within the course and scope of their duties as officers for the LAPD. DOE OFFICERS were acting with the complete authority and ratification of their principal, Defendant CITY.

9. Defendants DOES 6-8 are supervisory officers for the LAPD who were acting under color of law within the course and scope of their duties as officers for the LAPD. DOES 6-8 were acting with the complete authority and ratification of their principal, Defendant CITY.

-2-

10.     Defendants DOES 9-10 are managerial, supervisorial, and policymaking employees of the LAPD, who were acting under color of law within the course and scope of their duties as managerial, supervisorial, and policymaking employees for the LAPD.  DOES 9-10 were acting with the complete authority and ratification of their principal, Defendant CITY .

11.     On information and belief, DOES 1-10 were residents of the City of Los Angeles.

12.     In doing the acts and failing and omitting to act as hereinafter described, Defendants DOE OFFICERS were acting on the implied and actual permission and consent of Defendants LAPD and DOES 6-10.

13.     In doing the acts and failing and omitting to act as hereinafter described, Defendants DOES 1-10 were acting on the implied and actual permission and consent of the CITY.

14.     The true names and capacities, whether individual, corporate, association or otherwise of Defendants DOES 1-10, inclusive, are unknown to Plaintiff, who otherwise sues these Defendants by such fictitious names.  Plaintiff will seek leave to amend this complaint to show the true names and capacity of these Defendants when they have been ascertained.  Each of the fictitiously-named Defendants is responsible in some manner for the conduct or liabilities alleged herein.

15.     At all times mentioned herein, each and every defendant was the agent of each and every other defendant and had the legal duty to oversee and supervise the hiring, conduct, and employment of each and every defendant.

16.     All of the acts complained of herein by Plaintiff against Defendants were done and performed by said Defendants by and through their authorized agents, servants, and/or employees, all of whom at all relevant times herein were acting within the course, purpose, and scope of said agency, service, and/or

-3-

COMPLAINT FOR DAMAGES

employment capacity. Moreover, Defendants and their agents ratified all of the acts complained of herein.

17. DOES 1-10 are sued in their individual capacity.

**FACTS COMMON TO ALL CLAIMS FOR RELIEF**

18. Plaintiffs repeat and re-allege each and every allegation in paragraphs 1 through 17 of this Complaint with the same force and effect as if fully set forth herein.

19. On April 13, 2014, at approximately 3:45 p.m., Defendants DOE OFFICERS arrived on scene at 5720 W Sunset Blvd. in response to a vandalism call at the 99 Cents Only Store. The incident arose from a dispute between the store security guard and the DECEDENT, which originated when DECEDENT, who was homeless and reportedly kept mostly to himself, tried to use a shopping cart. By the time Defendants DOE OFFICERS arrived at the scene, DECEDENT was already outside of the store. On information and belief, DECEDENT kept many of his possessions on his person, including a knife.

20. DECEDENT was standing outside the 99 Cent Store carrying a knife when Defendants DOE OFFICERS tased DECEDENT and then proceeded to fire three to four shots at DECEDENT. On information and belief, as DECEDENT was lying on the ground bleeding from his gunshot wounds, one of the Defendants DOE OFFICERS approached and began beating DECEDENT with a baton. In contrast to DECEDENT, who was pronounced dead at the scene, none of the Defendants DOE OFFICERS sustained any injuries during their interaction with the decedent.

21. The use of deadly force against DECEDENT was excessive and objectively unreasonable under the circumstances, especially because DECEDENT did not pose an immediate threat of death or serious bodily injury to anyone at the time of the shooting.

22. Upon information and belief, after being shot, DECEDENT was immobile, bleeding profusely, and in obvious and critical need of emergency

COMPLAINT FOR DAMAGES

medical care and treatment.  Defendants did not timely summon medical care or permit medical personnel to treat DECEDENT.  The delay of medical care to DECEDENT caused DECEDENT extreme physical and emotional pain and suffering, and was a contributing cause of DECEDENT's death.

23.    Plaintiffs were dependent on DECEDENT, to some extent, for the necessities of life.

24.    Plaintiffs are DECEDENT's successors-in-interest as defined in Section 377.11 of the California Code of Civil Procedure and succeeds to DECEDENT's interest in this action as the natural mother and father of DECEDENT.

## FIRST CLAIM FOR RELIEF

### Fourth Amendment —Excessive Force (42 U.S.C. § 1983)

(Against Defendants DOE OFFICERS)

25.    Plaintiffs repeat and re-allege each and every allegation in paragraphs 1 through 24 of this Complaint with the same force and effect as if fully set forth herein.

26.    Defendants DOE OFFICERS used excessive force against DECEDENT when they shot him. Defendants DOE OFFICERS' unjustified shooting deprived DECEDENT of his right to be secure in his person against unreasonable searches and seizures as guaranteed to DECEDENT under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

27.    As a result of the foregoing, DECEDENT suffered great physical pain and emotional distress up to the time of his death, loss of enjoyment of life, loss of life, and loss of earning capacity.

28.    The conduct of Defendants DOE OFFICERS was willful, wanton, malicious, and done with reckless disregard for the rights and safety of

-5-

DECEDENT, and therefore warrants the imposition of exemplary and punitive damages as to Defendants DOE OFFICERS.

29.    The shooting was excessive and unreasonable, and DECEDENT posed no immediate threat of death or serious bodily injury at the time of the shooting. Further, Defendants DOE OFFICERS' shooting and use of force violated their training and standard police officer training.

30.    Plaintiffs bring this claim as a successors-in-interest to the DECEDENT, and seek both survival and wrongful death damages for the violation of DECEDENT's rights.  Plaintiffs also seek attorneys' fees under this claim.

## SECOND CLAIM FOR RELIEF

### Fourth Amendment —Denial of Medical Care (42 U.S.C. § 1983)

(Against Defendants DOE OFFICERS)

31.    Plaintiffs repeat and re-allege each and every allegation in paragraphs 1 through 30 of this Complaint with the same force and effect as if fully set forth herein.

32.    The denial of medical care by Defendants DOE OFFICERS deprived DECEDENT of his right to be secure in his person against unreasonable searches and seizures as guaranteed to DECEDENT under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

33.    As a result of the foregoing, DECEDENT suffered great physical pain and emotional distress up to the time of his death, loss of enjoyment of life, loss of life, and loss of earning capacity.

34.    Defendants DOE OFFICERS knew that failure to provide timely medical treatment to DECEDENT could result in further significant injury or the unnecessary and wanton infliction of pain, but disregarded that serious medical need, causing DECEDENT great bodily harm and death.

35.    The conduct of DOE OFFICERS was willful, wanton, malicious, and done with reckless disregard for the rights and safety of DECEDENT and therefore

-6-

warrants the imposition of exemplary and punitive damages as to Defendants DOE OFFICERS.

36. As a result of their misconduct, Defendants DOE OFFICERS are liable for DECEDENT's injuries, either because they were integral participants in the wrongful detention and arrest, or because they failed to intervene to prevent these violations.

37. Plaintiffs bring this claim as a successors-in-interest to the DECEDENT, and seek both survival and wrongful death damages for the violation of DECEDENT's rights. Plaintiffs also seek attorney's fees under this claim.

## THIRD CLAIM FOR RELIEF

### Substantive Due Process (42 U.S.C. § 1983)

(Against Defendants DOE OFFICERS)

38. Plaintiffs repeat and re-allege each and every allegation in paragraphs 1 through 37 of this Complaint with the same force and effect as if fully set forth herein.

39. Plaintiff SARASITH had a cognizable interest under the Due Process Clause of the Fourteenth Amendment of the United States Constitution to be free from state actions that deprive her of life, liberty, or property in such a manner as to shock the conscience, including but not limited to unwarranted state interference in Plaintiff's familial relationship with her son, DECEDENT.

40. Plaintiff PHONGSAVAD had a cognizable interest under the Due Process Clause of the Fourteenth Amendment of the United States Constitution to be free from state actions that deprive him of life, liberty, or property in such a manner as to shock the conscience, including but not limited to unwarranted state interference in Plaintiff's familial relationship with his son, DECEDENT.

41. DECEDENT had had a cognizable interest under the Due Process Clause of the Fourteenth Amendment of the United States Constitution to be free

-7-

from state actions that deprive him of life, liberty, or property in such a manner as to shock the conscience.

42. The aforementioned actions of DOE OFFICERS, along with other undiscovered conduct, shock the conscience, in that they acted with deliberate indifference to the constitutional rights of DECEDENT and Plaintiffs, and with purpose to harm unrelated to any legitimate law enforcement objective.

43. As a direct and proximate result of these actions, DECEDENT experienced pain and suffering and eventually died. DOE OFFICERS thus violated the substantive due process rights of Plaintiffs to be free from unwarranted interference with their familial relationship with DECEDENT.

44. As a direct and proximate cause of the acts of DOE OFFICERS, Plaintiffs suffered emotional distress, mental anguish, and pain. Plaintiffs have also been deprived of the life-long love, companionship, comfort, support, society, care, and sustenance of DECEDENT, and will continue to be so deprived for the remainder of their natural life.

45. The conduct of DOE OFFICERS was willful, wanton, malicious, and done with reckless disregard for the rights and safety of DECEDENT and Plaintiffs and therefore warrants the imposition of exemplary and punitive damages as to Defendants DOE OFFICERS.

46. Plaintiffs bring this claim individually and as a successors-in-interest to the DECEDENT, and seek both survival and wrongful death damages. Plaintiffs also seek attorneys' fees under this claim.

### FOURTH CLAIM FOR RELIEF

### Municipal Liability – Ratification (42 U.S.C. § 1983)

(Against All Defendants)

47. Plaintiffs repeat and re-allege each and every allegation in paragraphs 1 through 46 of this Complaint with the same force and effect as if fully set forth herein.

-8-

48.   Defendants DOE OFFICERS acted under color of law;

49.   The acts of Defendants DOE OFFICERS deprived DECEDENT and Plaintiffs of their particular rights under the United States Constitution.

50.   Upon information and belief, a final policymaker, acting under color of law, who had final policymaking authority concerning the acts of Defendants DOE OFFICERS, ratified Defendants DOE OFFICERS' acts and the bases for them. Upon information and belief, the final policymaker knew of and specifically approved of Defendants DOE OFFICERS' acts.

51.   Upon information and belief, a final policymaker has determined (or will determine) that the acts of Defendants DOE OFFICERS were "within policy."

52.   By reason of the aforementioned acts and omissions, Plaintiffs have suffered loss of the love, companionship, affection, comfort, care, society, training, guidance, and past and future support of DECEDENT.  The aforementioned acts and omissions also caused DECEDENT's pain and suffering, loss of enjoyment of life, and death.

53.   Accordingly, Defendants CITY and DOES 1-10 each are liable to Plaintiffs for compensatory damages under 42 U.S.C. § 1983.

54.   Plaintiffs bring this claim as a successors-in-interest to DECEDENT, and seek both survival and wrongful death damages under this claim. Plaintiffs also seek attorney's fees under this claim.

**<u>FIFTH CLAIM FOR RELIEF</u>**

**Municipal Liability – Failure to Train (42 U.S.C. § 1983)**

(Against All Defendants)

55.   Plaintiffs repeat and re-allege each and every allegation in paragraphs 1 through 54 of this Complaint with the same force and effect as if fully set forth herein.

56.   Defendants DOE OFFICERS acted under color of law;

-9-

57. The acts of Defendants DOE OFFICERS deprived DECEDENT and Plaintiffs of their particular rights under the United States Constitution.

58. The training policies of Defendant CITY were not adequate to train its officers to handle the usual and recurring situations with which they must deal.

59. Defendant CITY was deliberately indifferent to the obvious consequences of its failure to train its officers adequately.

60. The failure of Defendant CITY to provide adequate training caused the deprivation of Plaintiffs' rights by Defendants DOE OFFICERS; that is, Defendants' failure to train is so closely related to the deprivation of the Plaintiff's rights as to be the moving force that caused the ultimate injury.

61. On information and belief, CITY failed to train DOE OFFICERS properly and adequately.

62. By reason of the aforementioned acts and omissions, Plaintiffs have suffered loss of the love, companionship, affection, comfort, care, society, training, guidance, and past and future support of DECEDENT.  The aforementioned acts and omissions also caused DECEDENT's pain and suffering, loss of enjoyment of life, and death.

63. Accordingly, Defendants CITY and DOES 1-10 each are liable to Plaintiffs for compensatory damages under 42 U.S.C. § 1983.

64. Plaintiffs bring this claim as a successors-in-interest to DECEDENT, and seek both survival and wrongful death damages under this claim.  Plaintiffs also seek attorney fees under this claim.

### SIXTH CLAIM FOR RELIEF

**Municipal Liability – Unconstitutional Custom or Policy (42 U.S.C. § 1983)**

(Against All Defendants)

65. Plaintiffs repeat and re-allege each and every allegation in paragraphs 1 through 64 of this Complaint with the same force and effect as if fully set forth herein.

COMPLAINT FOR DAMAGES

66. Defendants DOE OFFICERS acted under color of law;

67. Defendants DOE OFFICERS acted pursuant to an expressly adopted official policy or a longstanding practice or custom of the Defendant CITY.

68. On information and belief, Defendants DOE OFFICERS were not disciplined, reprimanded, retrained, suspended, or otherwise penalized in connection with DECEDENT's death.

69. Defendants CITY and DOE OFFICERS, together with other CITY policymakers and supervisors, maintained, inter alia, the following unconstitutional customs, practices, and policies:

    (a) Using excessive force, including excessive deadly force;

    (b) Providing inadequate training regarding the use of deadly force;

    (c) Employing and retaining as police officers individuals such as Defendants DOE OFFICERS, who Defendant CITY at all times material herein knew or reasonably should have known had dangerous propensities for abusing their authority and for using excessive force;

    (d) Inadequately supervising, training, controlling, assigning, and disciplining CITY officers, and other personnel, including Defendants DOE OFFICERS, who Defendant CITY knew or in the exercise of reasonable care should have known had the aforementioned propensities and character traits;

    (e) Maintaining grossly inadequate procedures for reporting, supervising, investigating, reviewing, disciplining and controlling misconduct by CITY officers, Defendants DOE OFFICERS;

    (f) Failing to adequately discipline CITY police officers, including Defendants DOE OFFICERS, for the above-referenced categories of misconduct, including "slaps on the wrist,"

-11-

discipline that is so slight as to be out of proportion to the magnitude of the misconduct, and other inadequate discipline that is tantamount to encouraging misconduct;

(g)    Announcing that unjustified shootings are "within policy," including shootings that were later determined in court to be unconstitutional;

(h)    Even where shootings are determined in court to be unconstitutional, refusing to discipline, terminate, or retrain the officers involved;

(i)    Maintaining a policy of inaction and an attitude of indifference towards soaring numbers of police shootings, including by failing to discipline, retrain, investigate, terminate, and recommend officers for criminal prosecution who participate in unjustified shootings.

70.    By reason of the aforementioned acts and omissions, Plaintiffs have suffered loss of the love, companionship, affection, comfort, care, society, training, guidance, and past and future support of DECEDENT.  The aforementioned acts and omissions also caused DECEDENT's pain and suffering, loss of enjoyment of life, and death.

71.    Defendants CITY and DOES 1-10, together with various other officials, whether named or unnamed, had either actual or constructive knowledge of the deficient policies, practices and customs alleged in the paragraphs above. Despite having knowledge as stated above, these defendants condoned, tolerated and through actions and inactions thereby ratified such policies.  Said defendants also acted with deliberate indifference to the foreseeable effects and consequences of these policies with respect to the constitutional rights of DECEDENT, Plaintiffs, and other individuals similarly situated.

-12-

72.     By perpetrating, sanctioning, tolerating and ratifying the outrageous conduct and other wrongful acts, DOES 1-10 acted with intentional, reckless, and callous disregard for the life of DECEDENT and for DECEDENT's and Plaintiffs' constitutional rights. Furthermore, the policies, practices, and customs implemented, maintained, and still tolerated by Defendants CITY and DOES 1-10 were affirmatively linked to and were a significantly influential force behind the injuries of DECEDENT and Plaintiffs.

73.     Accordingly, Defendants CITY and DOES 1-10 each are liable to Plaintiffs for compensatory damages under 42 U.S.C. § 1983.

74.     Plaintiffs bring this claim individually and as a successors-in-interest to DECEDENT, and seek both survival and wrongful death damages under this claim. Plaintiffs also seeks attorneys' fees under this claim.

<strong><u>SEVENTH CLAIM FOR RELIEF</u></strong>

<strong>Battery</strong>

<strong>(Wrongful Death)</strong>

(Against Defendants CITY and DOE OFFICERS)

75.     Plaintiffs repeat and re-allege each and every allegation in paragraphs 1 through 74 of this Complaint with the same force and effect as if fully set forth herein.

76.     DOE OFFICERS, while working as officer for the LAPD, and acting within the course and scope of their duties, intentionally shot DECEDENT multiple times and used unreasonable and excessive force against him.  As a result of the actions of DOE OFFICERS, DECEDENT suffered severe pain and suffering and ultimately died from his injuries.  DOE OFFICERS had no legal justification for using force against DECEDENT, and his use of force while carrying out his duties as a police officer was an unreasonable and nonprivileged use of force.

77.     As a direct and proximate result of the conduct of DOE OFFICERS as alleged above, DECEDENT sustained injuries and died from his injuries and also

-13-

lost his earning capacity. As a direct and proximate result of the conduct of DOE OFFICERS as alleged above, DECEDENT suffered survival damages pursuant to Code of Civil Procedure Section 377.34.

78. CITY is vicariously liable for the wrongful acts of Defendant DOES 1 pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

79. The conduct of DOE OFFICERS was malicious, wanton, oppressive, and accomplished with a conscious disregard for the rights of Plaintiffs and DECEDENT, entitling Plaintiffs, individually and as successors-in-interest to DECEDENT, to an award of exemplary and punitive damages as to Defendants DOE OFFICERS.

80. Plaintiffs bring this claim as a successors-in-interest to DECEDENT, and seek both survival and wrongful death damages under this claim.

## EIGHT CLAIM FOR RELIEF

### Negligence

(Wrongful Death)

(Against all Defendants)

81. Plaintiffs repeat and re-allege each and every allegation in paragraphs 1 through 80 of this Complaint with the same force and effect as if fully set forth herein.

82. Police officers, including Defendants, have a duty to use reasonable care to prevent harm or injury to others. This duty includes using appropriate tactics, giving appropriate commands, giving warnings, and not using any force unless necessary, using less than lethal options, and only using deadly force as a last resort.

83. Defendants DOES 1-10 breached this duty of care. Upon information and belief, the actions and inactions of Defendants DOES 1-10 were negligent and reckless, including but not limited to:

-14-

(a)    the failure to properly and adequately assess the need to detain, arrest, and use force or deadly force against DECEDENT;

(b)    the negligent tactics and handling of the situation with DECEDENT, including pre-shooting negligence;

(c)    the negligent detention, arrest, and use of force, including deadly force, against DECEDENT;

(d)    the failure to provide prompt medical care to DECEDENT;

(e)    the failure to properly train and supervise employees, both professional and non-professional, including DOE OFFICERS;

(f)    the failure to ensure that adequate numbers of employees with appropriate education and training were available to meet the needs of and protect the rights of DECEDENT;

(g)    the negligent handling of evidence and witnesses; and

(h)    the negligent communication of information during the incident.

84.    As a direct and proximate result of Defendants' conduct as alleged above, and other undiscovered negligent conduct, DECEDENT was caused to suffer severe pain and suffering and ultimately died.  Also as a direct and proximate result of Defendants' conduct as alleged above, Plaintiffs suffered emotional distress and mental anguish.  Plaintiffs also have been deprived of the life-long love, companionship, comfort, support, society, care and sustenance of DECEDENT, and will continue to be so deprived for the remainder of their natural life.

85.    CITY is vicariously liable for the wrongful acts of Defendants DOES 1-10 pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

86.    Plaintiffs bring this claim as a successors-in-interest to DECEDENT, and seek wrongful death damages under this claim.

-15-

# NINTH CLAIM FOR RELIEF

## (Violation of Cal. Civil Code § 52.1)

(Against all Defendants)

87.     Plaintiffs repeat and re-allege each and every allegation in paragraphs 1 through 86 of this Complaint with the same force and effect as if fully set forth herein.

88.     California Civil Code, Section 52.1 (the Bane Act), prohibits any person from using violent acts or threatening to commit violent acts in retaliation against another person for exercising that person's constitutional rights.

89.     On information and belief, Defendants DOE OFFICERS, inclusive, while working for the CITY and acting within the course and scope of their duties, intentionally committed and attempted to commit acts of violence against DECEDENT, including by shooting him without justification or excuse, by integrally participating and failing to intervene in the above violence, and by denying him necessary medical care.

90.     When Defendants shot DECEDENT, they interfered with his civil rights to be free from unreasonable searches and seizures, to due process, to equal protection of the laws, to medical care, to be free from state actions that shock the conscience, and to life, liberty, and property.

91.     On information and belief, Defendants intentionally and spitefully committed the above acts to discourage DECEDENT from exercising his civil rights, to retaliate against him for invoking such rights, or to prevent him from exercising such rights, which they were fully entitled to enjoy.

92.     On information and belief, DECEDENT reasonably believed and understood that the violent acts committed by Defendants DOE OFFICERS, inclusive were intended to discourage them from exercising the above civil rights, to retaliate against them, or invoking such rights, or to prevent them from exercising such rights.

-16-

COMPLAINT FOR DAMAGES

93. Defendants successfully interfered with the above civil rights of DECEDENT and Plaintiffs.

94. The conduct of Defendants was a substantial factor in causing Plaintiffs' harms, losses, injuries, and damages.

95. CITY is vicariously liable for the wrongful acts of Defendants DOE OFFICERS, inclusive pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

96. Defendants DOES 6-10 are vicariously liable under California law and the doctrine of *respondeat superior*.

97. The conduct of Defendants was malicious, wanton, oppressive, and accomplished with a conscious disregard for DECEDENT's and Plaintiffs' rights, justifying an award of exemplary and punitive damages as to Defendants DOE OFFICERS.

98. Plaintiffs seek attorneys' fees under this claim.

-17-

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs Khamsone Sarasith and Symeuang Phongsavad request entry of judgment in their favor and against Defendants City of Los Angeles and Does 1-10, inclusive, as follows:

    A. For compensatory damages in whatever other amount may be proven at trial, including both survival damages and wrongful death damages under federal and state law;

    B. For funeral and burial expenses, and loss of financial support;

    C. For punitive damages against the individual defendants in an amount to be proven at trial;

    D. For statutory damages;

    E. For interest;

    F. For reasonable attorneys' fees, including litigation expenses;

    G. For costs of suit; and

    H. For such further other relief as the Court may deem just, proper, and appropriate.

DATED:  April 13, 2016   LAW OFFICES OF DALE K. GALIPO

          By_____ */s/ Dale K. Galipo*_____
          Dale K. Galipo
          Attorneys for Plaintiff

COMPLAINT FOR DAMAGES

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a trial by jury.

DATED:  April 13, 2015        LAW OFFICES OF DALE K. GALIPO


By_____/s/ Dale K. Galipo_____
     Dale K. Galipo
     Attorneys for Plaintiff

-19-